Guillermo GALLEGOS–GARCIA,
Petitioner,

v.

Richard CASILLAS, et al., Respondents.

Civ. A. No. L–91–14.

United States District Court,
S.D. Texas,
Laredo Division.

July 10, 1991.

Jose S. Tellez, Laredo, Tex., for plaintiff.

Alice M. King, Office of Immigration Litigation, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is a Motion to Dismiss by the named Defendants in their official capacities. The motion was filed on April 9, 1991, and Petitioner has yet to respond. Petitioner, a citizen of Mexico, violated the controlled substance laws of this country in 1987. On June 19, 1989, an immigration judge ordered him deported. On January 9, 1991, the Board of Immigration Appeals denied his appeal. By notice of January 25th, the U.S. Immigration and Naturalization Service (INS) demanded that Petitioner surrender by February 25, 1991. On February 7th, Petitioner appealed to the U.S. Court of Appeals for the Fifth Circuit. The substance of this appeal was that the immigration judge had not given appropriate weight to the equities of the Petitioner's situation and personal history in denying him a waiver of deportation under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c). Petitioner also requested a stay of deportation pending his appeal under § 1105a(a)(3) of Title 8, U.S. Code. Section 1105a(a)(3) was amended by § 513 of the Immigration Act of 1990 to provide that a stay of deportation pending appeal by an "aggravated felon" is discretionary with the court of appeals. Immigration Act of 1990, Pub.L. No. 101–649, § 513, 104 Stat. 4978 (1990). By requesting a stay, Petitioner apparently conceded he was an "aggravated felon" under § 1105(a)(3). His request was denied by the Court of Appeals on February 14, 1991. On February 20, 1991, he was deported. The next day his petition for habeas corpus writ was filed in this Court. On March 21, the Court of Appeals dismissed Petitioner's appeal under § 1105a(c), as Petitioner had already been deported.

█ Petitioner here raises for the first time his contention that the "aggravated felon" provision of § 1105a(a)(3) is inapplicable to him. His argument apparently is that 8 U.S.C. § 1101(a)(43), which defines "aggravated felon" for the purposes of § 1105a(a)(3), was added by § 7342 of the Anti–Drug Abuse Act of 1988 (ADAA). Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 7342, 102 Stat. 4469 *et seq.* (Nov. 18, 1988). Petitioner contends that, since his drug trafficking conviction predates enactment of the "aggravated felon" definition in the ADAA, his appeal to the court of appeals was controlled by the non-discretionary, automatic stay provision of pre-amendment § 1105a(a)(3). The motion to dismiss contends, *inter alia,* that the statutory definition of "aggravated felon" in the ADAA makes no reference to the date of the prior conviction. Therefore, Defendants contend that Petitioner's pre-ADAA conviction is sufficient to bring him within the ambit of "aggravated felon" for the purpose of § 1105a(a)(3).

The scope of this Court's jurisdiction under habeas corpus review in immigration matters is limited. One such limitation is that this Court will not entertain a habeas petition presenting matters that could have been raised in a prior proceeding. *United States ex rel. Tanfara v. Esperdy,* 347 F.2d 149, 151 (2d Cir.1965); 8 U.S.C. § 1105a(c). Petitioner had a clear opportunity to raise his contention that he was entitled to an automatic stay of deportation pending appeal when he filed his "Motion Requesting Stay of Deportation" on February 8, 1991. Instead, he requested that the Court of Appeals exercise its discretion under § 1105a(a)(3) and stay his deportation, making no prayer for automatic relief. Having failed to raise his alleged ground

for automatic relief before the appellate court, his appeal dismissed, and he deported, Petitioner's argument is now untimely raised. The dismissal of the appeal would moot the prayer that Gallegos–Garcia be returned here until the Fifth Circuit "renders a decision regarding (his) case." Not only did Petitioner fail to initially raise the automatic stay theory with the appellate court, he also failed to seek rehearing of the appellate dismissal on that theory. As this Court has previously held, the staying of an order pending appeal is properly the task of either the court from which or to which the appeal is taken. This Court is neither. *Sanchez–Zavala v. United States*, CA No. L–91–17, 1991 WL 187289 (S.D.Tex.1991).

Even were this Court to reach the merits of the Petition, the motion to dismiss would be granted. The Court agrees with the proposition that § 1101(a)(43) is simply a definitional section which contains no language suggesting that the alien's conviction—as distinguished from his proposed deportation—must occur after the effective date of the statute. Defendants recognize that the result would be and is different in sections adding new grounds for deportation or other substantive consequences.

The motion to dismiss is GRANTED. Although the motion is made only in the Defendants' official capacities, the Court cannot envision any basis for proceeding further against the Defendants individually. Petitioner is afforded until July 22, 1991 to state the basis for any further proceedings. Failing to do so, the case shall be dismissed in its entirety.