

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2002

# Chmakov v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1574

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"Chmakov v. Atty Gen USA" (2002). *2002 Decisions*. Paper 698.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/698

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 01-1574
_____


ALEKSANDR CHMAKOV; NADEJDA
CHMAKOVA; DENIS CHMAKOV,
                    Petitioners


v.

JOHN ASHCROFT, Attorney General
of the United States


Petition for Review of an Order of the
Immigration and Naturalization Service
(Case No. A70 868 248)
_____


Submitted Under Third Circuit LAR 34.1(a)
on June 11, 2002

Before:SLOVITER, ROTH
and MCKEE  Circuit Judges


(Opinion filed:  November 4, 2002)




         O P I N I O N


ROTH, Circuit Judge:
     Aleksandr Chmakov, Nadejda Chmakova, and Denis Chmakov seek review of a
January 12, 2001, decision of the Board of Immigration Appeals (BIA), which denied
their motion to reopen removal proceedings.  The INS instigated removal proceedings
against the Chmakovs in May 1998.  The Chmakovs applied for asylum, which was
denied by the Immigration Judge on January 11, 1999.  Their appeal to the BIA was
dismissed in January 2000.  The Chmakovs, represented by the same attorney,  failed to
file an appeal with this Court.  They later alleged that their attorney had not timely filed a
brief in support of their appeal to the BIA.  They retained new counsel and filed a motion
to reopen removal proceedings on the basis of ineffective assistance of counsel and
changed circumstances in their country of origin, Uzbekistan.  The BIA denied the
motion to reopen, thereby affirming the Immigration Judge's denial of the Chmakovs'

asylum claim.  This petition for review followed.

The BIA's denial of the motion to reopen the Immigration Judge's order of removal caused that order to be final for purposes of the Immigration and Nationality Act (INA).  We have jurisdiction to review such a final order pursuant to 8 U.S.C.  1252. We review the BIA's decision for an abuse of discretion, in consideration of the "broad" deference the Supreme Court would have us afford.  See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).

In their petition for review, the Chmakovs claim that the BIA abused its discretion by denying the portion of their motion to reopen that alleged ineffective assistance of counsel.  The BIA has set forth a three-step procedure for establishing "egregious" ineffective assistance of counsel such that reopening removal proceedings would be justified.  First, petitioner must file a motion, based on a claim of ineffective assistance of counsel, supported by an affidavit attesting to the relevant facts.  Second, former counsel must be informed of the allegations and provided with the opportunity to respond.  Third, a complaint must have been filed with the disciplinary authorities of the bar.  If no complaint was filed, the reason must be given for that failure.  See Lu, 259 F.3d at 132, citing Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988).

The Chmakovs claim that their predecessor counsel was ineffective in not timely filing their brief, thus depriving them of due process, and that the BIA abused its discretion in requiring that the Chmakovs meet all three-prongs of the Lozada test. Petitioners did not file a bar complaint; nor did they offer any reason for their failure to file such a complaint.  They further allege that they are not required to file a disciplinary complaint under our decision in Lu.  We stated in Lu that a disciplinary complaint was not always required.  If one is not filed, however,  the petitioner should provide a reasonable explanation for his or her decision.  259 F.3d at 134.  The BIA found that the Chmakovs did not offer any explanation for their failure to file the bar complaint. Pursuant to Lu, we will affirm the BIA's denial of the motion to reopen for failure to comply with the procedural requirements of Lozada.

The Chmakovs also assert that the BIA abused its discretion by denying the portion of their motion to reopen on the basis of allegedly changed circumstances in Uzbekistan.  However, the BIA properly exercised its discretion in finding that the conditions in Uzbekistan had not significantly changed since its prior decision, based on its comparison of the 1999 and 1997 State Department Reports.

For the foregoing reasons, we will deny the petition for review of the decision of the Board of Immigration Appeals.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,


s/s  Jane R. Roth
Circuit Judge