Jean **FILSAIME, Petitioner–Appellant,**

v.

John **ASHCROFT, U.S. Attorney General, Respondent–Appellee.**

Docket No. 03–2221.

United States Court of Appeals, Second Circuit.

Argued: Dec. 13, 2004.

Decided: Dec. 27, 2004.

Perry S. Reich, Schapiro & Reich, Lindenhurst, NY, for Petitioner–Appellant.

Krishna R. Patel, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, on the brief; Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief), New Haven, CT, for Respondent–Appellee.

Before: FEINBERG, STRAUB, and RAGGI, Circuit Judges.

PER CURIAM.

Jean Filsaime, a native and a citizen of Haiti, first entered the United States in 1967 on a visitor's visa. When the term authorized by that visa expired in February 1968 Filsaime did not leave the United States as required by law and remained in the United States. In August 1989 Filsaime was granted an indefinite period of voluntary departure, after which he continued to reside in the United States. This is known because, in December 1997, Filsaime pleaded guilty to charged violations of 18 U.S.C. § 1956(h) and was sentenced in the United States District Court for the Eastern District of Virginia to a term of fifty-seven months' imprisonment.

In November 1997 the Immigration and Naturalization Service (the "INS") revoked Filsaime's period of voluntary departure. Removal proceedings were initiated. Filsaime, through counsel, made applications for asylum, withholding of removal, relief under the Convention Against Torture, cancellation of removal, and a waiver under former Section 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c) (1994). These applications were denied by Immigration Judge Charles A. Wiegand, III, on March 21, 2001. Filsaime appealed to the Board of Immigration Appeals (the "BIA"). That appeal was denied on August 10, 2001. A motion to reopen followed, and was denied by the BIA on November 6, 2001.

In the meantime, Filsaime sought relief in the federal courts by way of a petition for habeas corpus filed in the Central District of California. That petition was denied on September 21, 2001, for lack of personal jurisdiction over Filsaime's immediate custodian, the New Orleans District

Director of the INS. In January 2002 Filsaime filed a petition for an emergency stay in the Ninth Circuit Court of Appeals. That petition was denied in April 2002.

Filsaime filed another petition for habeas corpus relief along with a motion for an emergency stay in the Eastern District of New York on May 3, 2002. The motion for a stay was granted on May 30, 2002, but, in response to papers filed by the government, Filsaime's habeas petition was transferred to the Western District of Louisiana on October 30, 2002. The stay of removal was lifted by the Western District of Louisiana District Court on February 4, 2003. Filsaime appealed the lifting of the stay. That appeal was denied by the Fifth Circuit Court of Appeals on March 21, 2003.

On February 19, 2003, Filsaime filed, in the District of Connecticut, an "Emergency Petition for Stay of Removal," which promised a forthcoming substantive habeas petition. The government filed a responsive brief to the petition seeking a stay on March 21, 2003, notifying the District of Connecticut Court that Filsaime had parallel requests for relief pending in Louisiana and arguing for dismissal of the stay petition and the forthcoming habeas petition on procedural grounds. In fact, on February 24, 2003, Magistrate Judge Wilson filed a report and recommendation with the District Court in Louisiana advising dismissal of Filsaime's pending claim for habeas relief on substantive grounds. On March 24, 2003, Filsaime filed objections to this report in the Western District of Louisiana and a combined petition for habeas corpus relief and for a stay of removal in the District of Connecticut.

On April 3, 2003, Filsaime's habeas petition filed in the District of Connecticut was denied by endorsement "for substantially the same reasons set forth in the government's brief." [1] In that endorsement, the District of Connecticut Court also cited the Fifth Circuit's March 28, 2003, decision denying Filsaime's appeal from the Western District of Louisiana Court's lifting of his stay of removal.

On April 14, 2003, the District Court in the Western District of Louisiana issued a judgment, adopting the findings of Magistrate Judge Wilson and dismissing Filsaime's habeas petition with prejudice as to the merits.

Presently before us is Filsaime's appeal from the April 3, 2003, decision of the District of Connecticut Court dismissing both his petition for habeas relief and his motion for a stay of removal. As with all federal courts, we have a continuing obligation to satisfy ourselves that federal jurisdiction over the matter before us is proper. *See Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir.2001) ("The absence of [subject matter] jurisdiction is non-waivable; [therefore] before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction."). 8 U.S.C § 1252(d) provides that:

> A court may review a final order of removal only if: (1) the alien has exhausted all administrative remedies available to the alien as of right, and (2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or

1. Based on our review of the record and representations, made by the government in briefing and confirmed by the parties at oral argument, that the March 21, 2003, brief was the only one filed by the government in the District of Connecticut Court, we interpret this as a reference to that brief, which states only procedural bases for dismissal of Filsaime's motion for a stay of removal and promised petition for habeas relief.

that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

In *Theodoropoulos v. INS*, 313 F.3d 732 (2d Cir.2002), we held that the exhaustion provision of 8 U.S.C § 1252(d)(1) serves as a limitation on the jurisdiction of the federal courts to entertain habeas petitions seeking review of immigration decisions. We now hold that the preclusion provision of 8 U.S.C § 1252(d)(2) also serves to limit the jurisdiction of the federal courts over habeas petitions seeking review of immigration decisions.

It is clear from our review of the record that the Report and Recommendation issued by Magistrate Judge Wilson and the April 14, 2003, decision of the District Court for the Western District of Louisiana reached the merits of the habeas petition under review in that court. Therefore, in accordance with our holding today, to establish jurisdiction in this or any other federal court Filsaime must establish that prior review of his final order of removal in the District Court for the Western District of Louisiana was "inadequate or ineffective to test the validity of the order," 8 U.S.C § 1252(d)(2), or that the petition submitted to the District of Connecticut court raises issues that "could not have been presented in the prior judicial proceeding." *Id. Cf. United States ex rel. Tanfara v. Esperdy*, 347 F.2d 149 (2d Cir. 1965) (upholding district court's dismissal of a habeas petition for review of an order of removal based on 8 U.S.C. § 1105a, the predecessor to 8 U.S.C § 1252(d)).

In an attempt to meet this burden, Filsaime claims, on this appeal, that his request for relief under the Convention Against Torture was present on an appropriately charitable reading of his habeas petition filed in the Eastern District of New York and denied by the District Court for the Western District of Louisiana, but was not adequately reviewed. That is a contention that we cannot evaluate on the record before us. We therefore remand to the District Court for resolution of this question in the first instance.

For the foregoing reasons the judgment of the District Court is VACATED and the case is REMANDED for further action consistent with this opinion.