**Aleksandr CHMAKOV; Nadejda Chmakova Denis Chmakov, Appellants,**

**v.**

**J. Scott BLACKMAN, As District Director of the Immigration and Naturalization Service.**

No. 04–2004.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 15, 2005.

Decided Feb. 24, 2005.

---

Andre Michniak, Michniak, Bezpalko & Associates, Philadelphia, PA, for Appellants.

August E. Flentje, United States Department of Justice Civil Division, Appellate Staff, Washington, DC, for Appellee.

Before SLOVITER, AMBRO and ALDISERT, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Appellants Aleksandr Chmakov, Nadjeda Chmakova, and Denis Chmakov[1] (the "Chmakovs") appeal the District Court's denial of their petition for a writ of *habeas corpus*. For the reasons set forth below, we affirm the District Court.

### I. Factual and Procedural History

Because we write solely for the parties, we do not recite the facts underlying the Chmakovs' asylum claim. We do, however, set out the lengthy procedural history of this matter as it is relevant to our determination here.

Aleksandr and Denis Chmakov entered the United States on non-immigrant tourist visas in 1994. Nadjeda Chmakova followed them, arriving in this country with the same type of visa in 1995. The Immigration and Naturalization Service ("INS")[2] initiated removal proceedings against the Chmakovs in May 1998. An immigration judge ("IJ") held a hearing on the Chmakovs' applications for asylum and withholding of removal and denied these applications in January 1999.

The Chmakovs timely appealed the IJ's denial of relief to the BIA. They retained new counsel, Jewls Rogowska, to prosecute their appeal. Rogowska filed an untimely brief with the BIA in support of the Chmakovs' appeal. The BIA rejected the brief and denied Rogowska's subsequent motion to file a late brief. The BIA nonetheless reached the merits of the Chamkovs' claims and, on January 14, 2000, affirmed the IJ's decision. The Chmakovs did not file a timely petition for review of that decision with this Court.[3] The BIA remanded the matter to the IJ to set both a bond and a voluntary departure date. The IJ then granted the Chmakovs voluntary departure by April 24, 2000.

On March 28, 2000, the Chmakovs' new counsel, attorneys at the Law Offices of John J. Gallagher (the "Gallagher firm"), filed a motion to reopen and reconsider with the BIA. The motion was based on claims of (1) ineffective assistance of counsel and (2) changed country conditions in Uzbekistan, the Chamkovs' native country. While this motion was pending, the Chamkovs' period of voluntary departure ex-

---

1. Denis Chmakov was a minor when the Chmakovs filed their *habeas* petition in April 2000 and was included as a dependent on his parents' asylum application. He has since turned twenty-one and thus became eligible to file his own asylum claim. His order of removal was reopened by the Board of Immigration Appeals ("BIA") in July 2003 and remanded to the Immigration Court, where his claim is still pending.

2. As a result of the Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135 (2002), the INS has ceased to exist as an agency within the Department of Justice, and its enforcement functions have been transferred to the Department of Homeland Security.

3. On August 22, 2000, the Chmakovs did file, through new counsel, an untimely petition for review of the BIA's January 14, 2000 decision. We dismissed this petition for lack of jurisdiction on February 13, 2001.

pired, resulting in a final order of removal. On April 24, 2000, the last day of their voluntary departure period, the Chmakovs filed a petition for a writ of *habeas corpus,* pursuant to 28 U.S.C. § 2241, in the Eastern District of Pennsylvania.

The District Court dismissed the Chmakovs' petition for lack of subject matter jurisdiction. We subsequently reversed, holding that the District Court had jurisdiction. *See Chmakov v. Blackman,* 266 F.3d 210, 216 (3d Cir.2001). We also remanded for consideration of the merits of the Chmakovs' claim that they were denied due process due to the ineffective assistance of their counsel, Rogowska, in failing to file a timely brief with the BIA in connection with their appeal. *Id.*

In the meantime, the Chmakovs' motion to reopen was also making its way through the administrative process. The BIA denied the motion in February 2001, holding that the Chmakovs had not complied with at least one of the requirements set out in *Matter of Lozada,* 19 I. & N. Dec. 637, 638–39 (BIA 1988), *aff'd* 857 F.2d 10 (1st Cir.), for establishing an ineffective assistance claim.[4] In particular, the BIA found that the Chmakovs had not filed a disciplinary complaint against Rogowska with the appropriate authorities, nor had they explained their failure to do so. (The BIA also rejected the Chmakovs' argument regarding changed country conditions.) The Chmakovs filed a timely petition for review of the BIA's decision with this Court, and

we denied their petition because they "did not file a bar complaint [against Rogowksa]; nor did they offer any reason for their failure to file such a complaint." *Chmakov v. Ashcroft,* 53 Fed.Appx. 189 (3d Cir. 2002).

On remand, the District Court ruled on the merits of the Chmakovs' ineffective assistance claim. It denied the Chamkovs *habeas* relief because they had not met the *Lozada* requirements. The Chmakovs' appeal of that decision is now before us.[5]

## II. Analysis

■ Our review of the District Court's denial of *habeas* relief is *de novo. See Bamba v. Riley,* 366 F.3d 195, 198 (3d Cir.2004). The Chmakovs argue that the District Court erred in denying them *habeas* relief, contending that, because they are able to demonstrate prejudice due to their former counsel's failure to file a timely brief with the BIA in support of their appeal, they have established a due process violation and their failure to comply with the third *Lozada* requirement—the filing of a bar complaint or explanation of the failure to do so—should therefore be excused. Our Court has already rejected this argument in denying the Chmakovs' petition for review of the BIA's denial of their motion to reopen their proceedings based on Rogowska's alleged ineffective assistance. *See Chmakov,* 53 Fed.APpx. at 190 (rejecting the Chmakovs' argument

---

4. An alien moving to reopen based on an ineffective assistance of counsel claim must: (1) file an affidavit in support of the motion that attests to the relevant facts and includes "a statement that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not do in this regard"; (2) inform former counsel of the allegations and give former counsel an opportunity to respond; and (3) file a complaint against former counsel with

the appropriate disciplinary authority or, if no complaint is filed, provide a reasonable explanation of the decision not to file. *Lu v. Ashcroft,* 259 F.3d 127, 132–34 (3d Cir.2001) (internal quotation omitted) (holding that the BIA's three-prong test established in *Lozada* was not an abuse of the BIA's discretion).

5. We have appellate jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291.

that, under our decision in *Lu,* 259 F.3d at 134, they were not required to file a disciplinary complaint, and denying their petition for review because they had not offered any explanation of their failure to file such a complaint).

Basic *res judicata* principles lead against our revisiting this decision and we are in fact statutorily barred from doing so. The Immigration and Nationality Act, as amended by the Illegal Immigration Reform and Responsibility Act of 1996, prevents us from reviewing a final order of removal if "another court has [ ] decided the validity of that order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order." 8 U.S.C. § 1252(d)(2); *see Filsaime v. Ashcroft,* 393 F.3d 315, 318 (2d Cir.2004) (per curiam) (holding that § 1252(d)(2) applies to *habeas* proceedings).[6] We upheld the validity of the final order of removal in this case when we denied the Chmakovs' petition for review, and the Chmakovs have presented no new grounds in this appeal unavailable for presenting in that proceeding.[7] Therefore, we again reject the Chmakovs' argument that they are entitled to relief based upon ineffective assistance of counsel.[8]

 Although the Chmakovs acknowledge that they "only raised a claim of ineffectiveness on the part of predecessor counsel Rogowska in their *habeas* petition," (Br. at 11 n.6), they also appear to argue that they are entitled to relief because the conduct of the Gallagher firm in prosecuting their case amounted to ineffective assistance. We cannot, however, reach the merits of this argument because it was not raised at any point during the proceedings before the BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right."); *see Duvall v. Elwood,* 336 F.3d 228, 231 (3d Cir.2003) (applying § 1252(d)(1) to *habeas* proceedings). We also note that the Chmakovs do not allege that they have met any of the *Lozada* requirements with regard to their former counsel at the Gallagher firm.

## III. Conclusion

Thus, we affirm the District Court's denial of the Chmakovs' petition for a writ of *habeas corpus.*

---

**6.** In *Filsaime,* the Second Circuit stated that § 1252(d)(2) limits the jurisdiction of federal courts. 393 F.3d at 318. We do not, however, express a view as to whether the *res judicata* principles codified in that provision act as a jurisdictional bar here. We merely hold that § 1252(d)(2) prevents us from revisiting our prior decision (on an identical issue) in this case.

**7.** Indeed, the Chmakovs merely state that they "respectfully disagree with this Court's current position on the *Lozada* third-prong requirement as it applies to the facts of their case." (Br. at 20). The Chmakovs have still failed to provide any explanation of their failure to file a disciplinary complaint against Rogowska.

**8.** Because we decide on this ground, we need not reach the Government's argument that *habeas* review in this case was precluded by the availability of direct review.