**Geng Wang ZHONG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General,[1] Respondent.**

No. 04–1543–ag.

United States Court of Appeals, Second Circuit.

Dec. 29, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as a respondent in this case.

David X. Feng, New York, NY, for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, Blanche B. Cook, Assistant United States Attorney, Nashville, TN, for Respondents.

Present: JON O. NEWMAN, JOHN M. WALKER, and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Geng Wang Zhong ("Wang"), a native and citizen of the People's Republic of China, seeks review of a March 2, 2004 order of the BIA affirming the September 18, 2002 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhong Geng Wang*, No. A 76 506 632 (B.I.A. Mar. 2, 2004), *aff'g* No. A 76 506 632 (Immig. Ct. N.Y. City Sept. 18, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Wang's prior counsel failed to challenge the IJ's adverse credibility finding before the BIA, we are presented with the question of our jurisdiction to review this unexhausted issue. *See Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 119 (2d Cir.2006). Although we generally have an obligation to determine that jurisdiction exists before proceeding to the merits, *see Filsaime v. Ashcroft*, 393 F.3d 315, 317 (2d Cir.2004) (per curiam), here we assert hypothetical jurisdiction because we would deny Wang's petition even assuming that jurisdiction was proper. *See Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir.2004) (asserting hypothetical jurisdiction where, as here, the jurisdictional issues related to statutory and not constitutional jurisdiction); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir.2006) ("Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit.").

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158, 161–62 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, the IJ's adverse credibility determination is supported by substantial evidence. As an initial matter, the IJ properly found that Wang was not credible "based on the radically divergent narratives provided" in his three written applications for relief. The three applications gave varying accounts of who—Wang or his wife—was sterilized, and when the sterilization occurred. While Wang offered explanations for these striking inconsistences, a reasonable fact-finder would not have been compelled to accept them. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Even absent the discrepancies between the various applications, substantial evidence would still support the IJ's adverse credibility finding because the IJ pointed to a number of material inconsistences between Wang's testimony and his final application regarding the events that purportedly led to the forced sterilization. First, as the IJ noted, Wang testified that he went alone to the family planning office to find out how to register his daughter and was told to pay a 25,000 yuan fine. In his application, however, Wang stated that "my wife went to register my daughter's residency, we were requested to pay a fine of 25000 Yuan." When questioned about this disparity, Wang testified that it was he who went, but that his wife may have gone to the family planning office at some point without his knowledge. The IJ reasonably rejected this explanation because both statements were generated by Wang, not his wife. Second, Wang testified that his wife was taken for sterilization while waiting for a receipt of the fine payment, whereas in his application Wang stated that his wife was seized only *after* she had taken the receipt to the registration office and "was forced to complete for the sterilization operation after they registered my daughter's residency." Wang failed to provide a compelling explanation for this discrepancy as well. Third, while Wang testified that he learned that the police had been looking for him because of his protest against his wife's sterilization, the IJ pointed out that the letter his wife submitted made no reference to any police visits. When confronted with this significant inconsistency, Wang stated that his

**112**

wife did not mention the police in her letter because she talks to him on the phone. As the letter was not addressed to Wang, however, a reasonable factfinder would not be compelled to accept Wang's explanation. *See Majidi*, 430 F.3d at 80–81.

Taken together, these inconsistencies are substantial and strike at the heart of Wang's claim. *Cf. Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). While we do not find that all of the IJ's adverse credibility findings are supported by substantial evidence, remand is not required because the numerous other inconsistencies make it clear that the same decision is inevitable on remand. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir.2006).

Wang's withholding and CAT claims are dismissed for lack of jurisdiction because he failed to exhaust them before the BIA pursuant to 8 U.S.C. § 1252(d)(1). Claim exhaustion is a mandatory requirement, and we may not review these claims when Wang did not raise them before the BIA. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction. Our review having been completed, the pending motion for a stay of removal in this petition is DISMISSED as moot.