**Emilio MARIN CARRANZA, Maria De–Lourdes Acevedo–Ruiz, Petitioners,**

**v.**

**Alberto GONZALES, Attorney**

General,* Respondent.

Nos. 05–4106–ag(L), 06–0176, 06–0180.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2007.

Michael P. Diraimondo, DiRiamondo & Masi, LLP (Marialaina L. Masi, Mary Elizabeth Delli–Pizzi, & Stacy A. Huber, of counsel), Melville, NY, for Petitioners.

David Glockner, Assistant United States Attorney, Northern District of Illinois, for Patrick J. Fitzgerald, United States Attorney (Craig Oswald, Assistant United States Attorney, on the brief), Chicago, IL, for Appellee.

Present: Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL, District Judge.**

### SUMMARY ORDER

Petitioners Emilio Carranza–Marin and Maria Acevedo–Ruiz, citizens of Guatemala, seek review of a June 28, 2005 order of the BIA affirming the March 23, 2004 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying their applications for cancellation of removal, and declining to remand their case based on new and material evidence presented on appeal. *In re Emilio Carranza–Marin/In re Maria De Lourdes Acevedo–Ruiz*, Nos. A73 638 021, A76 246 000 (B.I.A. June 28, 2005), *aff'g* Nos. A73 638 021, A76 246 000 (Immig. Ct. N.Y. City Mar. 23, 2004). Car-

---

* The caption is hereby amended to reflect the correct spelling of "Attorney General."

** The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

ranza–Marin and Acevedo–Ruiz also seek review of the BIA's December 19, 2005 orders denying their motion to reopen based on new and material evidence and changed country conditions in Guatemala. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where, as here, the BIA adopts the IJ's findings and reasoning, we review the decision of the IJ as if it were that of the BIA." *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir.2006) (per curiam).

■ We lack jurisdiction to review the BIA's order denying Carranza–Marin's application for cancellation of removal. The IJ determined that Carranza–Marin had met the first two statutory criteria for cancellation of removal, namely that he had lived in the United States for ten years and was a person of good moral character. The IJ also determined, however, and the BIA affirmed, that Carranza–Marin had not demonstrated that "exceptional and extremely unusual hardship" would result from his and his family's removal to Guatemala. In *De La Vega v. Gonzales*, 436 F.3d 141 (2d Cir.2006), we held that " 'exceptional and extremely unusual hardship' determinations by the BIA are discretionary judgments and . . . we therefore lack jurisdiction to review such judgments, in accordance with 8 U.S.C. § 1252(a)(2)(B)(i)." *Id.* at 145–46. Because the BIA's denial of Carranza–Marin's application for cancellation of removal was based on this discretionary judgment, we lack jurisdiction to review it.

Acevedo–Ruiz also appears to seek review of the BIA's order denying her application for cancellation of removal by claiming "exceptional and extremely unusual hardship." However, because the IJ determined that Acevedo–Ruiz had not met the ten-year residency requirement for cancellation of removal, he did not make any determination as to whether "exceptional and extremely unusual hardship" would result from Acevedo–Ruiz's removal. To the extent that Acevedo–Ruiz seeks review in this court of any ostensible hardship determination, we lack jurisdiction for the reasons stated above. To the extent that she seeks review of the IJ's determination that she failed to meet the residency requirement, she has presented no argument to suggest that such a determination was in error.

We review the BIA's denial of a motion to remand for consideration of new evidence or to reopen for abuse of discretion, and will find such abuse if "the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In denying Carranza–Marin and Acevedo–Ruiz's motion to remand based on changed country conditions, the BIA stated only that "[w]e do not find that a remand is warranted, based on the contentions in the motion and the accompanying materials." While such a cursory explanation would generally require a remand, we need not do so here because, in response to Carranza–Marin's and Acevedo–Ruiz's motions to reopen based on the same new evidence proffered with their motion to remand, the BIA provided a full and acceptable explanation for its decision. *See NLRB v. Am. Geri–Care, Inc.*, 697 F.2d 56, 64 (2d Cir.1982) ("[R]eversal and remand are [not] required each and every time an administrative agency assigns a wrong reason for its action; rather, [remand is required] *only* where there is a significant chance that but for the error,

the agency might have reached a different result."), *quoted in Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006).

■ The BIA issued separate orders disposing of Carranza–Marin's and Acevedo–Ruiz's motions to reopen, and we discuss each in turn.

The BIA denied Carranza–Marin's motion to reopen, holding that he had "failed to demonstrate prima facie eligibility for cancellation of removal in this case," because "[t]he respondent's equities" were "insufficient to establish exceptional and extremely unusual hardship." This Court has not yet ruled whether it has jurisdiction to review the denial of a motion to reopen based on the BIA's determination that the petitioner has failed to establish exceptional and extremely unusual hardship, and we need not reach that question here. Although we generally have an obligation to determine that jurisdiction exists before proceeding to the merits, *see Filsaime v. Ashcroft,* 393 F.3d 315, 317 (2d Cir.2004) (per curiam), here we assert hypothetical jurisdiction because we would deny Carranza–Marin's petition even assuming that jurisdiction was proper. *See Abimbola v. Ashcroft,* 378 F.3d 173, 180 (2d Cir.2004) (asserting hypothetical jurisdiction where, as here, the jurisdictional issues related to statutory and not constitutional jurisdiction); *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 n. 2 (2d Cir.2006) ("Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit."). Carranza–Marin asserts that the BIA abused its discretion and violated his right to due process by failing to consider the new evidence he presented. But the BIA's order makes specific reference to Carranza–Marin's proffer of new evidence as well as what that evidence purported to demonstrate. The BIA also made clear that it considered the evidence Carranza–Marin presented but found that it was "sufficiently distinct" from the factual scenarios presented in its decisions in *In re Andazola–Rivas,* 23 I. & N. Dec. 319 (BIA 2002), and *In re Monreal–Aguinaga,* 23 I. & N. Dec. 56 (BIA 2001).[1] Accordingly, exercising our hypothetical jurisdiction, we hold that Carranza–Marin's assertion that the BIA abused its discretion and violated his right to due process is plainly without merit.

The BIA articulated two independent grounds for denying Acevedo–Ruiz's motion to reopen, neither of which is in error. First, the BIA held that Acevedo–Ruiz's motion to reopen "fails to address or cure the defect identified by the Immigration Judge and affirmed in our prior order," to wit, that Acevedo–Ruiz lacked the requisite period of continuous physical presence in the United States to qualify for cancellation of removal. Acevedo–Ruiz has not claimed that this determination was erroneous. Second, the BIA held that "the evidence which the respondent now seeks to present at reopened proceedings was available and could have been presented at the respondent's appearance before the Immigration Judge in March of 2004." While it appears odd to us that the BIA

---

1. We note that this Court has never decided whether the BIA's decisions in *In re Andazola–Rivas* and *In re Monreal–Aguinaga* are entitled to deference or that their interpretation of the INA is precedential law in this Circuit. However, on appeal Carranza–Marin does not challenge those decisions. He rather attempts to distinguish his case from them on the facts, and we consider only this argument.

**46**

did not make the same determination with respect to Carranza–Marin's application—as each sought to introduce the same evidence—we find no error in this holding, because the affidavits submitted could have been attained and presented to the IJ.

Finally, Carranza–Marin and Acevedo–Ruiz claim that the BIA failed "to fully review the new and material evidence" submitted with their motions to remand and reopen and, in so doing, violated their rights to due process.[2] As noted above, the BIA's disposition of Carranza–Marin's motions makes clear that it did consider the evidence he presented, and its rejection of Acevedo–Ruiz's motions is clearly based on determinations that are unchallenged on appeal and are unrelated to the new evidence presented.

For the foregoing reasons, we DISMISS in part and DENY in part the petition for review. The pending motion for a stay of deportation and removal is DENIED as moot.

**2.** At oral argument, counsel for Acevedo–Ruiz appeared to argue that Acevedo–Ruiz was also appealing the denial of her claim under the Convention Against Torture ("CAT"). We find nothing in Acevedo–Ruiz's brief or the administrative record to suggest that she appeals the denial of any CAT claim she may have made to the Immigration Judge or Board of Immigration Appeals. To the extent that counsel was in fact pressing a CAT claim at oral argument, we deem such a claim waived on appeal to this Court for failure to raise it adequately in the brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).